Campbell *versus* Brown.

1. To make the owner of a dog liable for damagè done by him to sheep, under the Act of 23d March, 1809, and to warrant the capital punishment of the dog, prescribed by that Act, it is not necessary that he should have been seen tearing sheep with his teeth. It is sufficient that he has been observed to follow them with a hostile intent, and that the owner knew of his propensity.

ERROR to the Court of Common Pleas of *Allegheny county*.

This was an appeal from a justice of the peace, by Campbell, the plaintiff in error. The justice had given judgment in favor of Brown, the plaintiff, for $5.00 debt, and $10.75 costs. The ·case was afterwards tried twice in the Common Pleas, and reviewed twice by the Supreme Court. The suit was brought under

[Finley v. Aiken.]

the provisions of the Act of 23d March, 1809, by Brown, to recover damages for the killing of four or five sheep by Campbell's dog.

The fifth section of the Act reads as follows :

"That if any dog shall be seen worrying sheep, it shall be lawful for any person seeing the same, to kill such dog ; or if any dog shall have been known to worry sheep, and information thereof be given to the owner of such dog, if he does not kill him, or cause him to be killed, he shall make full compensation for all the damage done by said dog; and any person seeing said dog running at large may lawfully kill him."

It was found that the dog did kill the sheep. And one witness testified that before the killing, he had conversations with the defendant about having notice that his dog killed sheep. The witness said, "I asked him if he had put his dog up ; told him that he was blamed for following sheep. He was putting his dog up. He said Mr. Brown blamed him for chasing sheep. Told me not to tell Brown. Said if he had taken his wife's advice, he would have saved all this trouble."

It was shown that Campbell executed his dog shortly after the sheep of the plaintiff were killed.

Judge M'Clure charged the jury, that, if the dog had been seen following the sheep with a hostile intent, and Campbell had information of it, he was liable for subsequent damage under the statute ; that "worrying," in the Act, did not imply tearing with the teeth, and that if a dog pursues and barks at the sheep, it is worrying under the statute.

This was assigned for error.

The case was submitted on the paper books.

*Woods*, for plaintiff in error.

*Mellon*, for defendant in error.

The opinion of the court was delivered by

Woodward, J.—"Worrying sheep," an offence under our dog law, was well defined by the learned judge of the Common Pleas. We have no doubt the legislative intention and the popular understanding were correctly expounded, and we affirm the judgment for the reasons given.